IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-00663-CV-W-DW |
| | ) | |
| SOUTHWEST CREDIT SYSTEMS, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's (Second) Motion to Dismiss (Doc. 12). Defendant, Southwest Credit Systems, LP, moves for an order dismissing Plaintiff's Amended Verified Complaint (Doc. 7) with prejudice. To date, Plaintiff, Charles Poole, has not filed a response. Upon review, the Court concludes that the motion should be granted in part and denied in part.

As an initial matter, the Court will address Defendant's assertion that Plaintiff did not obtain the Court's leave or Defendant's consent to file his Amended Verified Complaint as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure. Defendant is correct that Plaintiff did not obtain leave or consent to amend. However, as set forth in the Court's previous Order (Doc. 8), Plaintiff did not need to obtain leave or consent, because Plaintiff exercised timely his right to amend his pleading once as a matter of course pursuant to Rule 15(a)(1)(B). Therefore, neither leave nor consent was required, and the Amended Verified Complaint was properly filed by Plaintiff.

Defendant has moved to dismiss Plaintiff's Amended Verified Complaint (the "complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant alleges that the complaint fails to state a viable claim under either the Missouri Merchandising

Practices Act ("MMPA") or the federal Fair Credit Reporting Act ("FCRA"). In order to survive such a motion, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). The complaint must contain more than labels and conclusions or a formulaic recitation of the elements of the claim. Twombly, 550 U.S. at 555. For purposes of a Rule 12(b)(6) motion, the court must accept the allegations of the complaint as true; however, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Plaintiff's complaint states that it is brought "for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681p *et*, al, Missouri Merchandising Practices RSMo 407.020, RSMo 570.223." (¶ 1). The complaint claims that on August 12, 2013, Defendant obtained Plaintiff's consumer credit report with no permissible purpose. (¶¶ 5, 14). According to the complaint, "Plaintiff has never had any business dealings with the defendant, nor has Plaintiff applied for any credit or services, or employment [], neither has Plaintiff executed any contracts resulting in an amount in favor of the defendant." (¶ 13). The complaint further alleges that he did not give Defendant permission to obtain his consumer credit report from any credit reporting agency. (¶ 27). The complaint also asserts that "there was no account that Defendant had a right to collect." (¶ 28). Finally, the complaint states that Defendant obtained Plaintiff's consumer credit report either willfully (¶ 27) or negligently (¶ 28).

2

### I. Plaintiff's claim under the MMPA

Defendant argues first that Plaintiff has failed to state a claim under the Missouri Merchandising Practices Act ("MMPA") because Plaintiff did not engage in a consumer transaction with Defendant. The MMPA allows a "person who purchases or leases merchandise primarily for personal, family or household purposes" to bring a civil action against a seller or lessor for committing an unlawful practice prohibited by the act and causing harm. REV. STAT. MO. § 407.025. Thus, "a private cause of action is given only to one who purchases and suffers damage." Jackson v. Charlie's Chevrolet, Inc., 664 S.W.2d 675, 677 (Mo. App. W.D. 1984). Plaintiff's complaint alleges that he "has never had any business dealings" with Defendant, and in no way alleges that he purchased or leased any merchandise from Defendant. As a result, the Court concludes that Plaintiff, a private party, has failed to state a claim against Defendant upon which relief can be granted under the MMPA. Further, based on Plaintiff's vehement denial of any business dealings with Defendant, it appears that amendment would be futile. See Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2013). Therefore, Plaintiff's claim under the MMPA shall be dismissed with prejudice.

### II. Plaintiff's claim under the FCRA

Defendant next argues that Plaintiff has failed to state a claim under the Fair Credit Reporting Act ("FCRA") because it had a permissible purpose to obtain a copy of Plaintiff's credit report. Section 1681b(f)(1) of the FCRA prohibits obtaining a consumer report unless it is obtained for an authorized purpose under Section 1681b. Further, the FCRA imposes civil liability for the willful or negligent failure to comply with any requirement under the Act. See 15 U.S.C. §§ 1681n(a) and 1681o(a). Thus, to establish liability under the FCRA, a plaintiff must show that (1) there was a consumer report; (2) the defendant obtained or used the consumer

3

Case 4:14-cv-00663-DW   Document 13   Filed 12/23/14   Page 3 of 5

report; (3) the defendant did so without a permissible statutory purpose; and (4) the defendant was negligent or willful in so doing. Phillips v. Grendahl, 312 F.3d 357, 364 (8th Cir. 2002) (Overruled in part on other grounds by Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)).  One authorized purpose for obtaining a consumer report is "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).  In the motion, Defendant asserts that the complaint reads that Defendant "accessed Plaintiff's credit report for collection of a delinquent account arising from a credit transaction that [Plaintiff] voluntarily entered with an entity that assigned the account to [Defendant] for collection."  Therefore, according to Defendant, because the collection of an account is a permissible purpose for obtaining a consumer report, Plaintiff has failed to state a claim under the FCRA.

The Court does not agree with Defendant's analysis under the Rule 12(b)(6) standard. Contrary to Defendant's assertion, a review of the complaint shows no claim by Plaintiff that Defendant obtained his consumer report for the purpose of collecting a delinquent account.  In fact, Plaintiff alleges the exact opposite, that "there was no account that Defendant had a right to collect."  Plaintiff further alleges that Defendant is posing as a creditor of him. (¶¶ 17, 23). Because this is a Rule 12(b)(6) motion, the Court must accept Plaintiff's factual allegations of the complaint as true and construe all reasonable inferences in favor of Plaintiff. Dannix Painting, LLC v. Sherwin-Williams Co., 732 F.3d 902, 905 (8th Cir. 2013).  Thus, upon review, Plaintiff's complaint alleges facts supporting his claim that Defendant obtained his consumer report, without a permissible statutory purpose, either willfully or negligently, in violation of

4

Section 1681b(f)(1) of the FCRA.  The Court therefore concludes that Plaintiff has stated a viable claim under the FCRA.

Accordingly, it is ORDERED that:

1. Defendant's (Second) Motion to Dismiss (Doc. 12) is GRANTED IN PART and DENIED IN PART; and

2. Plaintiff's claim against Defendant under the Missouri Merchandising Practices Act is dismissed with prejudice for failure to state a claim upon which relief can be granted.

SO ORDERED.


Date: December 23, 2014 _____/s/ Dean Whipple_____
Dean Whipple
United States District Judge